RESIDENTS AGAINST A POLLUTED ENVIRONMENT *et al.*, Petitioners, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Third District    No. 3—97—0580

Opinion filed November 20, 1997.

George Mueller (argued), of Ottawa, for petitioners.

Robert M. Eschbach, Special Assistant State's Attorney, of Ottawa, for respondent County of La Salle.

James Rubin (argued) and Kevin J. O'Brien, both of Butler, Rubin, Saltarelli & Boyd, of Chicago, for respondent Landcomp Corporation.

James E. Ryan, Attorney General, of Chicago (Daniel N. Malato (argued), Assistant Attorney General, of counsel), for respondent Pollution Control Board.

JUSTICE McCUSKEY delivered the opinion of the court:

This case involves a local, regional pollution control facility siting appeal. The appellee, LandComp Corporation, sought siting approval for a new solid waste, nonhazardous landfill from the county of La Salle. After extensive initial public hearings, the La Salle county board granted siting approval with conditions on April 25, 1996. The Illinois Pollution Control Board (the Board), however, reversed on fundamental fairness grounds and remanded for additional hearings. Those additional hearings were concluded, siting approval

was once again granted by the county, and the Board affirmed the decision. This timely appeal followed.

The appellants, Residents Against A Polluted Environment and the Thornton Foundation, argue that the siting procedures were fundamentally unfair because they were prevented from presenting evidence concerning preapplication, *ex parte* communications between LandComp and the county. After carefully reviewing the record, we affirm the decision of the Board.

## FACTS

On October 31, 1995, LandComp submitted an application for siting approval to the county. This application sought approval of a pollution control facility pursuant to section 39.2 of the Illinois Environmental Protection Act (the Act) (415 ILCS 5/39.2 (West 1994)). Numerous parties filed notices of intervention in opposition to the application, including the appellants.

The first set of public hearings included 15 days of testimony and a public comment period. The county's five-member siting hearing committee voted unanimously to recommend approval of the application subject to conditions. On April 25, 1996, the full county board voted to approve the application with the conditions recommended by the siting hearing committee.

The appellants appealed the decision to the Board. In their petition for review, the appellants argued that: (1) preapplication, *ex parte* contacts between LandComp and the county prevented the county from reaching a fair and impartial decision; and (2) LandComp was improperly allowed to influence the county's amendment of its solid waste management plan (the Plan). The county and LandComp filed motions seeking to prevent the appellants from presenting evidence or discovering information regarding any of these alleged contacts which occurred prior to LandComp's filing of its application for siting approval.

The Board granted the appellees' motions, specifically noting that section 40.1 of the Act allows review of the procedures employed by the county during the siting process only. 415 ILCS 5/40.1 (West 1994). Therefore, any allegation of improper amendment of a solid waste management plan by the county was beyond the scope of the Board's review. Regarding the other preapplication contacts, the Board held that the alleged preapplication contacts were not impermissible *ex parte* contacts. According to the Board, the activities of the county prior to the filing of a siting approval application were legislative functions, beyond the scope of the Board's review.

On September 19, 1996, the Board did, however, reverse the sit-

ing approval on other fundamental fairness grounds. Specifically, it found that failure to disclose to the public the contents of volume VII of the application as well as a report prepared by the county's engineers rendered the siting procedures fundamentally unfair. The matter was therefore remanded for further hearings on the documents not disclosed to the public. The Board did, however, reaffirm its previous ruling regarding the exclusion of preapplication contacts. *Residents Against A Polluted Environment v. County of La Salle and LandComp Corp.*, Ill. Pollution Control Bd. Op. 96—243 (September 19, 1996).

Prior to the second hearing, the appellants filed a motion to clarify the Board's previous order barring evidence regarding the preapplication contacts. The Board once again held that evidence concerning these contacts was barred. After further hearings, the siting hearing committee voted not to grant the siting approval, but the full county board once again granted the siting approval subject to the same conditions as its previous approval.

The appellants again appealed the county's decision to the Board. This second petition reiterated the allegations of unfairness regarding preapplication contacts. The Board refused to consider the preapplication contacts, and on June 19, 1997, it affirmed the county's grant of the siting approval. *Residents Against A Polluted Environment v. County of La Salle and LandComp Corp.*, Ill. Pollution Control Bd. Op. 97—139 (June 19, 1997).

## ANALYSIS

### I. Adoption of the Plan

The appellants claim that the county's amendment of its Plan evidences bias on the part of the county in its grant of siting approval. Consequently, they argue that the Board should have allowed the presentation of evidence regarding LandComp's involvement in the amendment of the county's Plan so that the county's bias could be shown. Furthermore, they argue that the Board improperly allowed LandComp to present evidence that its application for siting approval complied with the county's Plan, while not allowing the appellants to present evidence on LandComp's involvement in the amendment of that Plan.

■ Section 40.1(a) of the Act provides:

"In making its orders and determinations under this Section, the Board shall include in its consideration *** the fundamental fairness of the procedures used by the county board or the governing body of the municipality in reaching its decision." 415 ILCS 5/40.1(a) (West 1994).

Thus, the Board must "be satisfied that the procedures used by the local siting authority were in accordance with fundamental fairness." *Town of Ottawa v. Pollution Control Board*, 129 Ill. App. 3d 121, 124, 472 N.E.2d 150, 152 (1984).

The Board held that the hearing officer's exclusion of evidence regarding LandComp's involvement with the county's amendment of its Plan did not render the siting process fundamentally unfair. In making this finding, the Board referred to its previous order of July 18, 1996. In that order, the Board stated:

> "A reviewable Section 40.1 allegation would refer to the procedures employed by the County *during the siting process* and whether those procedures were followed and hence comport with standards of fundamental fairness. No such allegation is before the Board." (Emphasis added.) *Residents Against A Polluted Environment v. County of La Salle and LandComp Corp.*, Ill. Pollution Control Bd. Op. 96—243 (July 18, 1996).

■ We agree that section 40.1 does not authorize the Board to review the process involved in the county's amendment of its Plan. The appellants do not cite, nor do we find, any statutory or judicial authority which would allow evidence to be presented concerning the county's amendment of its Plan. Indeed the express language of the Act indicates that the purpose of the siting process is to determine whether the proposed facility *complies* with the county's Plan. 415 ILCS 5/39.2(a)(viii) (West 1994). The Act does not authorize an inquiry into the county's prior *amendment* of the Plan. Rather, the adoption and amendment of a solid waste management plan are governed by the Local Solid Waste Disposal Act (415 ILCS 10/1 *et seq.* (West 1994)) and the Solid Waste Planning and Recycling Act (415 ILCS 15/1 *et seq.* (West 1994)). Neither of these acts authorizes the Board in a siting approval appeal to review the procedures used by a county in adopting its solid waste management plan.

Furthermore, the county's involvement with LandComp in the amendment of the Plan does not create a suspicion of bias on the part of the county during the siting process. The Illinois Supreme Court in *E&E Hauling, Inc. v. Pollution Control Board*, 107 Ill. 2d 33, 43, 481 N.E.2d 664, 668 (1985), considered whether a county's prior approval of a landfill by ordinance rendered the siting approval process unfair. The court found that the county did not prejudge the adjudicative facts. *E&E Hauling*, 107 Ill. 2d at 43, 481 N.E.2d at 668. Indeed, the court stated that "there is no inherent bias created when an administrative body is charged with both investigatory and adjudicatory functions." *E&E Hauling*, 107 Ill. 2d at 43, 481 N.E.2d at 668.

We find *E&E Hauling* to be analogous to the case at hand. The county's amendment of its Plan *preceded* the siting process, and the amendment of the Plan was a prior legislative function of the county board. The mere fact that the county engaged in legislative functions involving LandComp prior to the application for siting approval does not allow an inference of bias. Moreover, other than the reference to LandComp's involvement with the amendment of the Plan, the appellants have not provided this court with a single, specific allegation showing how LandComp's involvement with that prior legislative decision created bias *during the siting process.*

In sum, the procedures employed by the county when amending its Plan were beyond the scope of the siting hearings as authorized by the Act. See 415 ILCS 5/39.2 (West 1994). Furthermore, Land-Comp's involvement in the amendment of the Plan did not create an inherent bias. Evidence regarding the amendment of the Plan was therefore properly excluded, and this proper exclusion did not render the siting process fundamentally unfair.

We also find that the appellants' argument that "a double-standard prevailed at the local siting hearing" is without merit. Although LandComp was allowed to present evidence that the proposed facility complied with the county's Plan, section 39.2(a)(viii) of the Act *requires* this showing. 415 ILCS 5/39.2(a)(viii) (West 1994). Thus, LandComp's presentation on this issue was compelled by the statute. Furthermore, the appellants were given an opportunity to present evidence that the proposed facility did *not* comply with the county's Plan. Consequently, all parties were given a full and fair opportunity to present evidence on this issue. The appellants were only prevented from presenting evidence regarding the *amendment* of the Plan, evidence which was properly excluded as already discussed.

## II. Other Preapplication Contacts

■ The appellants also claim that they were improperly prevented from presenting evidence regarding "other" preapplication contacts between LandComp and the county. They argue that a preapplication "conspiracy, which rose to the level of corruption," rendered the siting process fundamentally unfair.

LandComp responds that the appellants have waived this issue because they failed to make an offer of proof on any of these "other" preapplication contacts.

After numerous public hearings, motions, and appeals, the appellants have failed to point to a single, specific preapplication contact between LandComp and the county which was not related to the amendment of the county's Plan, the import of which has already

been discussed. Although the appellants argue that their petition for review, motion to clarify, and complaint in the La Salle County circuit court made the Board "fully aware" of what they intended to prove, after carefully reviewing these documents, we disagree.

First, the petition for review and the motion to clarify contain nothing but bare allegations. No parties are specifically named and no specific contacts are identified.

Second, the allegations in the La Salle County case allege contacts related to the county board's selection of LandComp as a vendor under its Plan, matters beyond the Board's scope of review. Nothing in the appellant's complaint in that case alleges "other" preapplication contacts that do not directly concern the county's Plan.

Furthermore, the allegations in the La Salle County case refer specifically to three members of the county board: Jerry Johnson, Ken Krogulski, and Robert Renwick. As the record reveals, all three of these members were not members of the county board when the second vote was taken on siting approval. Consequently, they did not vote on the matter. Thus, the allegations contained in the La Salle County complaint are irrelevant to the case before us.

Moreover, at the first fundamental fairness hearing, the appellants' attorney requested that the hearing officer clarify the scope of the proceedings in light of the Board's order barring evidence regarding preapplication contacts. The hearing officer indicated that it was clear that evidence of preapplication contacts was barred by the Board's order. The appellants' attorney then stated:

> "I'm not going to waste time here by asking questions which will just result in objections be[ing] sustained and which will disrupt the process. And I understand that you are not the person to whom I should make my appeal regarding the Board's order being patently erroneous. I'm trying to understand what the ground rules are."

In response, the hearing officer stated:

> "As you know, you are always free to make offers of proof; and if that is the route you want to go in order, you know, to create your record for any appeal, that's a decision you have to make."

No offers of proof were ever made.

Given the numerous opportunities the appellants had to point to specific *ex parte* contacts, and their continued failure to do so, we refuse to send this cause back for a third set of public hearings based upon bare, unsupported allegations. "[E]lected officials are presumed to act objectively," and at least a minimal showing of bias, if not a formal offer of proof, must therefore be made to warrant a remand. See *Fairview Area Citizens Taskforce v. Pollution Control Board*, 198

Ill. App. 3d 541, 548, 555 N.E.2d 1178, 1182 (1990) (referencing the Board's statement that "elected officials are presumed to act objectively"). The appellants have failed to make even this minimal showing, and, as a result, based on the record before us, we affirm the decision of the Board. For the reasons stated, we find the siting process was fundamentally fair.

Accordingly, we affirm the decision of the Illinois Pollution Control Board that the siting process of the La Salle county board was fundamentally fair.

Affirmed.

LYTTON, P.J., and HOMER, J., concur.